IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEREEK HAYES, | CIVIL ACTION |
| Plaintiff, | NO. 16-2264 |
| v. | |
| REINHART FOOD SERVICE, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION**

**Schmehl, J.**   /s/ JLS                                                                February 28, 2017

Before the Court is the motion of defendant, Reinhart Food Service, LLC ("Reinhart" or "Defendant") to dismiss Plaintiff's Complaint, or in the alternative, to compel arbitration and stay proceedings. Plaintiff, Tereek Hayes ("Hayes" or "Plaintiff") has opposed the motion and Defendant has filed a reply. Having read the parties' briefs and reviewing all exhibits, and after oral argument on the motion, I will grant Defendant's motion to dismiss Plaintiff's Complaint and order this matter to proceed to arbitration.

**I.        BACKGROUND**

Plaintiff, a former employee of Defendant, filed this employment discrimination claim against Defendant, seeking to recover for his alleged wrongful termination. Specifically, Hayes alleges that his employment with Reinhart was terminated because of his race in violation of Title VII. In connection with his employment with Reinhart, Hayes signed an arbitration agreement (the "Agreement") which Defendant claims requires him to arbitrate all claims against Reinhart arising out of his employment in an arbitral forum, including race discrimination claims under Title VII.

## II. STATEMENT OF FACTS

Plaintiff commenced work with Reinhart in December of 2013 as a truck driver and was fired on January 29, 2014. (Compl. at ¶¶ 5, 18.) As a condition of his employment, Hayes entered into a written arbitration agreement with Reinhart. (Docket No. 3, Ex. 1-A.) The Agreement contains an arbitration clause that states as follows:

> Any legal claims or controversies ("Claims") an employee may have against the Company or the Company may have against an employee must be resolved by arbitration instead of the courts, whether or not such claims arise out of an employee's employment or its termination . . . Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of Arbitration under the Program . . . A dispute is based on a legal claim and is subject to the Program if it arises from or involves a claim under federal, state or local statute . . including . . . claims for harassment or discrimination (including, but not limited to, race . . .) This arbitration program includes, but is not limited to, claims under . . . Title VII of the Civil Rights Act of 1964.

*(See* id.) The Agreement further states "By being hired or remaining employed with the Company, employees are agreeing to waive their rights to have a claim against the Company heard in a court of law." (Id.)

Hayes filed the instant Complaint on May 10, 2016, alleging discrimination and retaliation based on his race. (Compl. at ¶¶ 5, 20-56.)

## III. STANDARD OF REVIEW

The Third Circuit recently "clarif[ied] the standards to be applied to motions to compel arbitration, identifying the circumstances under which district courts should apply the standard for a motion to dismiss, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and those under which they should apply the summary judgment standard found in Rule 56." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d

2

764, 767 (3d Cir. 2013). As stated by the Third Circuit, "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.' " Id. at 776 (*quoting* Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F.Supp.2d 474, 482 (E.D.Pa. 2011)). "But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.' After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." Id. (*quoting* Somerset Consulting, 832 F.Supp.2d at 482).

**IV.   DISCUSSION**

Defendant argues that the arbitration agreement in this matter is valid and enforceable and therefore, should be dismissed pursuant to Rule 12(b)(6). Plaintiff argues that the FAA does not apply to Title VII cases, and that the arbitration agreement that Plaintiff signed was an unenforceable contract of adhesion.

**A.  The Federal Arbitration Act Applies to Title VII Cases**

The Federal Arbitration Act ("FAA"), which applies to any dispute in state or federal court concerning contracts affecting interstate commerce, strongly favors resolving disputes through arbitration. Hopkins v. New Day Fin., 643 F.Supp.2d 704, 713 (E.D. Pa. 2009). The FAA states that "A written provision in. . . a contract evidencing a

3

transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is undisputed that there is a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-26 (1991). The FAA "establishes a strong policy in favor of compelling arbitration over litigation," Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000), and arbitration agreements falling within the scope of the FAA "must be rigorously enforce[d]." Perry v. Thomas, 482 U.S. 483, 490 (1987). Further, the Supreme Court has held that employment agreements are subject to the FAA. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 122-23 (2001).

Plaintiff's opposition to the arbitrability of this matter seems to focus on public policy issues. Hayes attempts to make a distinction between age discrimination claims and the instant race discrimination claim, arguing that Title VII race discrimination claims should not be forced to arbitration because race is somehow subject to a different analysis than age discrimination. However, Plaintiff has failed to cite to a single case that holds that arbitration agreements cannot be enforced with regard to Title VII race discrimination claims. Plaintiff cites to Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), where the Supreme Court upheld the arbitrability of an ADEA claim. Specifically, the Supreme Court stated "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." Gilmer, 500 U.S. at 26. No court has held that statutory Title VII claims may not be subject to an arbitration agreement. In fact, the Third Circuit has stated that "[b]ecause Title VII and the ADEA 'are similar in their aims and substantive provisions,'" . . . we find Title VII

entirely compatible with applying the FAA to agreements to arbitrate Title VII claims." Seus v. John Nuveen & Co., 146 F.3d 175, 182 (3d Cir. 1998) (internal citation omitted).

As the Agreement between Hayes and Reinhart clearly includes Title VII claims (see Docket No. 3, Ex. 1-A), and this type of arbitration agreements has been enforced with regard to all types of employment-related statutory claims, including Title VII claims, Plaintiff's race discrimination claim under Title VII is an arbitrable claim under the Agreement.

### B. The Arbitration Agreement is Not a Contract of Adhesion

Plaintiff also argues that the Agreement is a contract of adhesion and is therefore, unenforceable. I find this argument must fail. "The cardinal principle of the law of arbitration is that under the FAA, arbitration is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." Gay v. CreditInform, 511 F.3d 369, 388-89 (3d Cir. 2007). Plaintiff was not forced to enter into the Agreement. He had his choice to either accept employment with Reinhart and agree to arbitrate any disputes, or find employment with someone else who did not require an agreement to arbitrate. As consideration for the Agreement in question, Reinhart agreed to hire and employ Hayes, which it did. Further, if Plaintiff is alleging that unequal bargaining power existed between he and Reinhart, that fact alone does not create a contract of adhesion. Gokhberg v. Sovereign Bancorp, Inc., 2011 WL 3862155, at *2 (E.D. Pa. Sept. 1, 2011).

Lastly, Plaintiff appears to be arguing that the Agreement was ambiguous, referencing the need for "clear and unambiguous language" in the Agreement. However, I find that the language of the Agreement was clear and precise, discussed the

requirements and procedure for arbitrating disputes and specifically included the arbitrability of Title VII race discrimination claims, the very claim brought by Plaintiff.

I find that a binding agreement to arbitrate exists between Hayes and Reinhart, and that the dispute in question (Title VII race discrimination) is within the scope of that agreement. Accordingly, the Agreement must be enforced and this matter must be arbitrated.  When all of a party's claims are within the scope of the arbitration provision, an order of dismissal is appropriate. Seus, 146 F.3d at 179. Plaintiff's race discrimination claims are clearly within the scope of the Agreement. Accordingly, I decline to stay this action, and will dismiss Plaintiff's Complaint.

## V.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, or in the alternative, to Compel Arbitration is granted, this matter is dismissed and shall proceed to arbitration as contained in the arbitration agreement.